**[J-108-2020][M.O. – Dougherty, J.]**
**IN THE SUPREME COURT OF PENNSYLVANIA**
**EASTERN DISTRICT**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA, | : | No. 9 EAP 2020 |
| | : | |
| Appellant | : | Appeal from the Judgment of Superior |
| | : | Court entered on 10/7/19 at No. 1392 |
| | : | EDA 2017 affirming the order entered |
| v. | : | on 4/5/17 in the Court of Common |
| | : | Pleas, Philadelphia County, Criminal |
| | : | Division, at No. MC-51-CR-0005268- |
| | : | 2017 |
| CARLOS PEREZ, | : | |
| | : | ARGUED:  December 1, 2020 |
| Appellee | : | |

***CONCURRING OPINION***

**JUSTICE SAYLOR**                                            **DECIDED:  April 29, 2021**

I join the majority opinion.

I write separately only to highlight my point of view that additional clarification of the "*prima facie*" standard governing preliminary hearings in Pennsylvania is needed. *See Commonwealth v. McClelland*, ___ Pa. ___, ___, 233 A.3d 717, 742-43 (2020) (Saylor, C.J., concurring and dissenting) (favoring a unitary probable cause standard applicable to both the determination whether a crime has been committed and commission by the defendant;[1] *Commonwealth v. Ricker*, 642 Pa. 367, 381-82, 170

---

[1] Notably, the majority opinion reinforces the application of a probable cause standard relative to commission by the defendant, *see* Majority Opinion, *slip op.* at 17, and the fact that a crime was committed is undisputed in the present case.

Because the use of the term "*prima facie*" in the applicable Rules of Criminal Procedure seems facially incongruent with a "probable cause" standard, I take the position that (continued…)

A.3d 494, 503 (2017) (Saylor, C.J., concurring) (discussing this Court's varying expressions of the standard of evidentiary sufficiency applicable at preliminary hearings).

I read the majority opinion as reasonably refraining from addressing the incongruity in the rule-based delineation of a *prima facie* standard meant in whole or in part to connote probable cause, in light of the more limited argumentation presented by the parties.

Justice Todd joins this concurring opinion.

---

(…continued)
modifications to the applicable Rules of Criminal Procedure are warranted. *Accord*, *McClelland*, ___ Pa. at ___, 233 A.3d at 742-43 (Saylor, C.J., concurring and dissenting).